IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COWAN SYSTEMS, INC. | : | |
| | : | |
| v. | : | Civil No. CCB-05-217 |
| | : | |
| HARLEYSVILLE MUTUAL INSURANCE CO. | : | |
| | : | |

**MEMORANDUM**

Now pending before the court is Harleysville's motion to reconsider this court's memorandum and order of September 30, 2005. *See Cowan Systems, Inc. v. Harleysville Mut. Ins. Co.*, 2005 WL 2453002 (D.Md. 2005). The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. I will presume familiarity with my previous ruling in that matter, as it discusses all the relevant facts and issues. *Id*. For the reasons that follow, the defendant's motion will be denied.

**ANALYSIS**

Harleysville raises two issues in its motion to reconsider. First, it argues that this court's award of attorneys fees and costs incurred in the underlying *Shaffer* litigation and this declaratory judgment action was premature. Second, Harleysville argues that this court erred in its analysis of the employer's liability and worker's compensation exclusions. Although this is, at least with respect to the reconsideration of this court's rulings on the exclusions, an improper basis for a motion to reconsider,[1] the court will briefly address–and reject--Harleysville's newly

---

[1] A motion to reconsider is not a license to reargue on the merits, present additional evidence, or otherwise allow the losing party another bite at the apple. *See RGI Inc. v. Unified Indus.,* Inc., 963 F.2d 658, 662 (4th Cir. 1992); *see also Potter v. Potter*, 199 F.R.D. 550, 552-553 (D.Md. 2001); *and Gray-Hopkins v. Prince George's County*, 201 F.Supp.2d 523, 524

framed arguments.

*A. Award of Attorneys Fees and Costs*

Harleysville's request for reconsideration of this court's awarding of fees and costs to Cowan simply demonstrates a misunderstanding of the ruling on that point. The court did not award Cowan a specific amount, but rather merely held that Cowan would be entitled to fees and costs from both this suit and the underlying *Shaffer* suit, to the extent any such fees and costs are reasonable and can be adequately proven. This holding was explained in footnote 8 of the opinion to make clear that Cowan would be entitled to fees and costs incurred in both cases, not just the underlying litigation.[2] It was of course intended that Cowan would subsequently submit a properly-supported motion for attorneys' fees and costs and Harleysville, if it took issue with the motion, would respond in opposition. It appears the parties understood this, as both have since been filed. (*See* Docket Nos. 33 and 35.) The court will address that motion for attorneys fees and costs in due time. The motion to reconsider the general award of fees and costs in the September 30, 2005 opinion will be denied.

*B. The employer's liability and worker's compensation exclusions*

Harleysville's new arguments, while styled as addressing the employer's liability and

---

(D.Md. 2002). Reconsideration can indeed provide a valuable function where there has been an intervening change in the controlling law, the court has made a clear error, or there is newly discovered material evidence. *See e.g. Pinney v. Nokia, Inc.*, 402 F.3d 430, 452 (4th Cir. 2005)(citing *Potter's* articulation of the standards,199 F.R.D. at 552-553). The problems for which such a motion is an appropriate remedy are rare, however, and thus the motion itself should be equally rare. *Potter*, 199 F.R.D. at 552. Harleysville has provided no legitimate explanation as to why these additional arguments were not presented earlier. *See e.g. RGI*, 963 F.2d at 662.

[2] *See Cowan Systems, Inc.*, 2005 WL 2453002, *11 n.8 (citing *Riviera Beach Volunteer Fire Co., Inc. v. Fid. and Cas.Co. of New York*, 388 F.Supp. 1114, 1120 (D. Md. 1975); and *Bankers and Shippers Ins. Co. of New York v. Electro Enterprises, Inc.*, 287 Md. 641, 660 (Md. 1980).

worker's compensation exclusions[3], are focused on the issue of whether Cowan faced potential liability under the Truckload Transportation Agreement ("the Agreement"), and relatedly, whether the court erred in deeming that Agreement to be an "insured contract," a designation that would render inapplicable, by the policy's own terms, the employer's liability exclusion. In making its various arguments, Harleysville seems to lose sight of the standard for assessing whether an insurer's duty to defend is triggered.[4] Even to the extent Harleysville raises colorable arguments that it would not have had to provide coverage to Cowan, those arguments apply more persuasively to its ultimate duty to indemnify, not its duty to defend.[5] As further explained below, none of the arguments for non-coverage raised by Harleysville, even if later found by a court to be persuasive, would eliminate its duty to defend Cowan.

First, Harleysville argues that the Agreement between Cowan and Linens N Things does not meet the definition of an "insured contract" under its policy, and that the potential liability

---

[3] As fully explained in the September 30, 2005 opinion, the worker's compensation exclusion is simply not implicated here. *See Cowan Systems, Inc.*, 2005 WL 2453002, *8.

[4] The duty to defend is broader than the duty to indemnify and exists even where there is just a potentiality that the claim may be covered by the policy. *See Walk v. Hartford Cas. Ins. Co.*, 382 Md. 1, 15-16 (Md. 2004)(quoting *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 407-08 (Md. 1975). "Even if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer must still defend if there is a potentiality that the claim could be covered by the policy". *Brohawn*, 276 Md. at 407-408. Maryland courts have found the duty to exist even where the claim asserted against the insured cannot possibly succeed. *BGE Home Prods. & Servs., Inc. v. Owens*, 377 Md. 236, 246 (Md. 2003)(quoting *Litz v. State Farm*, 346 Md. 217, 225 (Md. 1997)).

[5] Harleysville appears to confuse the court's finding that a duty to defend existed with a finding of ultimate liability on the part of Cowan in the third party complaint. Harleysville states "the court erred when it found liability based on a contract which is void..." (*See* Def's Mot. to Reconsider at 4.)  This court never ruled on the question of any party's ultimate liability in the *Shaffer* litigation or on Harleysville's duty to indemnify anyone. As the standard for finding a duty to defend differs significantly from the standard for finding ultimate liability, such confusion on the part of Harleysville may explain its own error in submitting this motion to reconsider.

Cowan faced would not trigger the "insured contract" exception in any event. Harleysville is wrong on both counts. Harleysville argues that the definition of "insured contract" in its policy speaks of "tort liability" and that Cowan could not have any tort liability as to its own employee due to the workers compensation regime. It may be true that Cowan could not face tort liability directly to its own employee. The policy's definition of "insured contract," however, actually speaks of contracted responsibility for the tort liability of another party, which was exactly the arrangement between Cowan and Linens N Things, the "another party" being Linens N Things. (*See* Plf.'s Mem. in Opp'n. to Summ. J. at Ex. 1, the policy; and Ex. 7, truckload transportation agreement.) The Agreement fits the definition of an "insured contract" under the policy.

Harleysville also argues that its definition of "insured contract" references responsibility for potential liability of another to a "third person or organization," not liability of another to an employee of the insured.[6] It is true that Shaffer was an employee of Cowan, the insured, but he was bringing his suit against Linens N Things as a "third person," not as an employee of Linens N Things. Thus, the damages which Shaffer was seeking from Linens N Things, and for which Linens N Things was in turn seeking indemnification from Cowan pursuant to the Agreement, could be construed as tort liability "of another" (Linens N Things) to a "third person" (Shaffer). Therefore, both the Agreement itself and the potential liability presented by Shaffer's claim at least arguably fall under the definition of an "insured contract."[7]

---

[6] Under the policy, "insured contract" is defined as: "That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in conjunction with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement." (Plf.'s Mem. in Opp'n. To Summ. J. at Ex. 1, the policy.)

[7] Harleysville also cites numerous cases for the proposition that, "when an employee recovers damages from a third-party for a work-related injury, the third-party may seek

Second, Harleysville argues, for the first time, that "insured contracts" are void as contrary to public policy in New Jersey in any event. Therefore, Harleysville contends, no liability could ever be found, and thus the court erred in looking to the "insured contract" exception to find that the duty to defend attached. Harleysville again loses sight of the standard for triggering its duty to defend. To the extent that the only basis for Cowan's potential liability was through the Agreement, and assuming that the Agreement was an "insured contract" which is void as contrary to public policy, such an argument would have provided a ready defense to Linens N Things' third party complaint against Cowan – a defense that should have been provided by Harleysville – but would not free Harleysville from its obligation to provide that defense. By the terms of both the New Jersey statute cited by Harleysville and the Agreement itself, it is debatable whether the Agreement would actually be void as contrary to public policy.[8]

---

indemnification from the employer...[and] in such instances, a question arises as to whether the employee exclusion bars coverage." Harleysville goes on to argue that, "generally speaking, such indemnity claims are barred from coverage by the employee exclusion." None of the numerous cases cited by Harleysville have any bearing on this case. In each, courts from various jurisdictions, dealing with very different facts, exclusions, and disputes, found the exclusions applicable in those cases, at least with respect to indemnification. However, far from suggesting the applicability of the employer's exclusion here, one court even stressed the crucial difference between the duty to indemnify and the duty to defend. *See Western Fire Ins. Co. v. J. R. Snyder, Inc.*, 256 N.W.2d 451, 454-55 (Mich.App. 1977). In the present case, this court ruled only that the duty to defend was triggered because there was a potentiality of coverage. *See Utica Mut. Ins. Co. v. Miller*, 130 Md.App. 373, 383 (Md. Ct. Spec. App. 2000)("if *any* claims potentially come within the policy coverage, the insurer is obligated to defend *all* claims.").

[8] N.J.S.A. 2A:40A-1 renders void contracts that "purport to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons...caused by or resulting from the sole negligence of the promisee..." The Agreement between Linens N Things would hold Linens N Things, the promisee, harmless for damages caused in whole or part by Cowan, the promisor. The Agreement, then, could be construed to hold Linens N Things harmless for its own partial, but not sole, negligence, something not clearly falling under the New Jersey Statute. In any event, as further explained below, Harleysville itself admits that the issue is unclear.

Significantly, Harleysville, in its own motion to reconsider, recognizes that the applicability of the "insured contract" exception, which necessarily implicates whether there was coverage and a duty to defend, was unclear. Harleysville states that "a question arises" as to coverage, that "generally speaking" exclusions apply, and speaks of the "at the least, unclear status and/or applicability of the relevant 'insured contract' exception." (*See* Def's Mot. to Reconsider at 7; *and* Def's Reply to Pl's Opp'n to Mot. to Reconsider at 4.) That recognition alone could decide this motion to reconsider. By defendant's own characterization of the potentiality of coverage, the duty to defend attached.[9] Harleysville had a duty to defend. For the reasons stated above, the defendant's motion will be denied.

      A separate order follows.

  __November 14, 2005__                              __/s/__
Date                                                     Catherine C. Blake
                                                            United States District Judge

---

[9] It is well-settled that any doubt about the potentiality of coverage is resolved in favor of the insured. *See Hartford Cas. Ins. Co. v. Chase Title, Inc.*, 247 F.Supp.2d 779, 780 (D.Md. 2003)(citing *Chantel Assocs. v. Mount Vernon Fire Ins. Co.,* 338 Md. 131, 145 (Md. 1995)); *see also Nationwide Ins. Cos.*, 127 Md.App. at 24; *Utica Mut. Ins. Co.*, 130 Md.App. at 383.