IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COWAN SYSTEMS, INC. | : |
| | : |
| v. | : CIVIL NO. CCB-05-217 |
| | : |
| HARLEYSVILLE MUTUAL INSURANCE | : |
| CO. | : |

...o0o...

**MEMORANDUM**

On August 8, 2006, the Fourth Circuit affirmed this court's order granting summary judgment to plaintiff Cowan Systems, Inc. in this declaratory judgment action against defendant Harleysville Mutual Insurance Company. Now ready for consideration is Cowan's motion for attorneys' fees and costs. The motion will be granted.

Preliminarily, I note that Harleysville does not challenge the reasonableness of the rates charged by counsel, which also appear justified by Cowan's affidavits and are within the ranges set by this court's Rules and Guidelines (Local Rules App. B). Determining an award of attorneys' fees initially involves multiplying the number of reasonable hours expended times a reasonable hourly rate. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). The twelve factors cited by the Fourth Circuit also have been considered by the court in ruling on this motion, and I note that Cowan was completely successful for its client. *Id.*

In its opposition to Cowan's request, Harleysville raised certain limited objections. These will be addressed in turn.

First, use of a paralegal rather than a secretary given the complex procedural posture of this case and the underlying *Shaffer* case was justified, and the challenged 3.9 hours was reasonable. While some portions of this work could have been done by a secretary as well, it was reasonable to entrust overall management of these tasks to a paralegal and not spend time to

apportion the responsibilities more specifically.  Second, the time spent by Cowan to prepare the Motion for Attorneys' Fees was reasonable, in light of the structure, affidavits, and detail required under the court's Local Rules.  Third, the challenged time (1.0 hours) charged for consultation with lead counsel Robert Franklin was reasonable and not duplicative.  Fourth, the time charged (1.5 hours) for New Jersey counsel William Bierman's handling of an audit letter was necessary to the litigation and reasonable.  Fifth, the time charged for conference calls between counsel in Maryland and counsel in the underlying *Shaffer* litigation is easily distinguished from unnecessary intra-office conferences.  This time was reasonable and not duplicative.

Finally, as to the disputed costs in the amount of $542.39 charged for the New Jersey litigation, I agree that additional documentation and a more specific itemization would be required to support these costs, which accordingly will be disallowed.

Overall, Cowan's attorneys appear to have exercised billing judgment and acted responsibly on behalf of their clients throughout this litigation.  Harleysville has brought these costs upon itself.

Accordingly, Cowan's Motion will be granted, except as to certain costs of the New Jersey action, by separate order.


| _September 29, 2006_ | _/s/_ |
| Date | Catherine C. Blake |
| | United States District Judge |