IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COWAN SYSTEMS, INC. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-217 |
| | : | |
| HARLEYSVILLE MUTUAL INS. CO. | : | |

...o0o...

## MEMORANDUM

Now pending is Cowan's Supplemental Motion for Attorneys' Fees and Costs reflecting work performed on this case after October 14, 2005, primarily the appeal of this court's summary judgment ruling to the Fourth Circuit. The Fourth Circuit affirmed judgment in Cowan's favor, *see Cowan v. Harleysville,* 457 F.3d 368 (2006). Cowan's initial motion for attorneys' fees was granted, except as to a small item of costs, on September 29, 2006.

As with the initial motion, in ruling on this supplemental motion the principles stated in *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998), including consideration of the 12-factor test, will be applied.[1] Again I note that Cowan was completely successful in its appeal; again there is no challenge to the reasonableness of the hourly rates charged by Cowan's counsel. Harleysville's specific objections will be addressed in turn.

Harleysville seeks to reduce the fees by $8,889 in part for "block billing," but a review of Cowan's invoices does not reflect any such billing; rather each task done by each person is carefully itemized. The eight hours of case research done by an associate is based on the need to review the multiple cases (over 70) cited in Harleysville's appeal brief; it is reasonable to have this done by an associate at a lower rate, so that the partners responsible for presenting the appeal

---

[1] This is the standard espoused by Harleysville, see Oppos. at 2; I need not decide whether a different standard applies under the Maryland case law pointed to by Cowan, see Reply at 3.

can focus only on a smaller number of relevant opinions. Regarding paralegal time (which is quite minimal), the ruling in *Friolo v. Frankel*, 819 A.2d 354, 371 (Md. 2003) addressed the interpretation of two specific Maryland statutes (the Wage and Hour Law and the Payment Law), and is not controlling in this case. Further, Harleysville overreads the recent opinion in *Frankel v. Friolo*, 907 A.2d 363 (Md.App. 2006) in suggesting that it precludes any attempt to secure attorneys' fees. Here recovery of fees and costs are part of the benefits to which the insured is contractually entitled; in *Frankel* the court addressed appellate and post-remand work where the sole issue was counsel's dissatisfaction with its award under a fee-shifting statute. *Id.* at 372. Finally, under the circumstances of this case, where Ms. Colvin primarily handled the litigation, was most familiar with the record, and co-wrote the brief, but Mr. Skomba, appropriately, had primary responsibility for the oral argument, attendance of both lawyers at the Fourth Circuit was reasonable and should be compensated.

    In summary, Cowan's Motion will be granted in full by separate order.

    June 15, 2007  
        Date

                         /s/  
                         Catherine C. Blake  
                         United States District Judge